PHILLIP A. TALBERT
United States Attorney
CODY S. CHAPPLE
DHRUV M. SHARMA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT SCOTT WHEELEN,<br><br>Defendant. | CASE NO. 1:24-CR-00109-TLN<br>Related to   1:21-CR-00105-TLN<br><br>**STIPULATION TO SET STATUS CONFERENCE AND EXCLUDE TIME; ORDER** |

The parties stipulate as follows:

1.  On May 1, 2024, in case number 21-00105, an Order re Petition for Violation of Probation/Supervised Release was filed, and the Court issued an arrest warrant for defendant Garrett Scott Wheelen. [21-00105, ECF 76.] The defendant had his initial appearance on the petition on May 6, 2024, and the court ordered the defendant detained and set a status conference for May 22, 2024. [21-00105, ECF 80.]

2.  On May 23, 2024, a grand jury indicted Wheelen for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Possession of methamphetamine with intent to distribute, which is the same conduct that forms the basis of the supervised release violation. [24-00109, ECF 8]. The government then filed a notice of related cases. [24-00109, ECF 9;  21-00105, ECF 90]. On May 24, 2024, the court ordered Wheelen detained, set both matters for a status conference on July 10, 2024, and excluded time in the

1

latest case from May 24, 2024, to July 10, 2024. [24-00109, ECF 10].

3. On May 29, 2024, the Court ordered the case numbered 1:24-CR-00109-NODJ-BAM be reassigned to the Hon. Troy L. Nunley and the caption changed to 1:24-CR-00109-TLN. [21-00105, ECF 90; 24-00109, ECF13]. The Court also vacated any dates currently set in the reassigned matter.

4. Now, the parties have met and conferred and agreed to, and hereby request that the Court set, a status conference on August 1, 2024, before the Hon. Troy L. Nunley.

5. The parties also agree that, in order to provide defendant with reasonable time for effective preparation, and to allow him to complete his review of discovery, conduct the necessary investigation and research related to the charges, and consider a pre-trial resolution of the case, the time period of July 10, 2024, through and including August 1, 2024, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) (Local Code T4). The parties agree that the interests of justice served by setting this status conference and excluding time outweigh the best interests of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 31, 2024

PHILLIP A. TALBERT
United States Attorney

*/s/ Cody Chapple*
Cody Chapple
Dhruv M. Sharma
Assistant United States Attorney

Dated: May 31, 2024

*/s/ E. Marshall Hodgkins*
E. Marshall Hodgkins
Counsel for Garrett Scott Wheelen

2

**ORDER**

The Court has read and considered the parties' stipulation to set a status conference in the cases numbered 1:21-CR-00105 and 1:24-CR-00109-TLN on August 1, 2024, at 9:30 a.m., and adopts the parties' stipulation in its entirety as its order. The Court finds there is good cause shown, in order to provide defendant with reasonable time for effective preparation, and to allow him to complete his review of discovery, conduct the necessary investigation and research related to the charges, and consider a pre-trial resolution of the case, to set a status conference on August 1, 2024, and to exclude time. The period from July 10, 2024, through August 1, 2024, in the case numbered 1:24-CR-00109-TLN shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) (Local Code T4).

The Court specifically finds the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice served by setting the status conference and by excluding time under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

DATED: June 3, 2024

Troy L. Nunley
United States District Judge