PHILLIP A. TALBERT
United States Attorney
CODY S. CHAPPLE
DHRUV M. SHARMA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00109-DC |
| Plaintiff, | Related to 1:21-CR-00105-DC |
| v. | **STIPULATION AND REQUEST TO SET STATUS CONFERENCE AND TO EXCLUDE TIME; ORDER** |
| GARRETT SCOTT WHEELEN, | |
| Defendant. | |

The parties stipulate as follows:

1.      These matters were recently re-assigned from Hon. Chief U.S. District Judge Troy L. Nunley to Hon. U.S. District Judge Dena M. Coggins. Pursuant to the reassignment orders issued in these cases, the parties submit this stipulation and request to set a status conference and to exclude the intervening time period.

2.      By way of background, on May 1, 2024, in case number 21-00105, an Order re Petition for Violation of Probation/Supervised Release was filed, and the Court issued an arrest warrant for defendant Garrett Scott Wheelen. [21-00105, ECF 76.] The defendant had his initial appearance on the petition on May 6, 2024, and the court ordered the defendant detained and set a status conference for May 22, 2024. [21-00105, ECF 80.]

3.      On May 23, 2024, a grand jury indicted Wheelen for violations of 21 U.S.C. §§ 841(a)(1)

1

and 841(b)(1)(C) – Possession of methamphetamine with intent to distribute, which is the same conduct that forms the basis of the supervised release violation. [24-00109, ECF 8]. The government then filed a notice of related cases. [24-00109, ECF 9;  21-00105, ECF 90]. On May 24, 2024, the court ordered Wheelen detained, set both matters for a status conference on July 10, 2024, and excluded time in the latest case from May 24, 2024, to July 10, 2024. [24-00109, ECF 10].

4.      On May 29, 2024, the Court ordered the case numbered 1:24-CR-00109-NODJ-BAM be reassigned to the Hon. Troy L. Nunley and the caption changed to 1:24-CR-00109-TLN. [21-00105, ECF 90; 24-00109, ECF 13]. The Court also vacated any dates set in the reassigned matter, including the July 10, 2024, status conference [21-00105, ECF 90; 24-00109, ECF 13].

5.      The parties then filed a stipulation setting a status conference for August 1, 2024. [21-00105, ECF 91; 24-00109, ECF 14.] The Court ordered the status conference set for August 1, 2024, and excluded time in the case numbered 1:24-CR-00109-TLN. [21-00105, ECF 92; 24-00109, ECF 16.]

6.      On July 12, 2024, the parties filed a stipulation seeking a continuance of the status conference. [24-00109, ECF 17.] On July 15, 2024, the Court ordered the status conference continued to October 17, 2024, and excluded time in the case numbered 1:24-CR-00109-TLN. [21-00105, ECF 92; 24-00109, ECF 18.]

7.      On August 2, 2024, the government extended a plea offer to defense counsel that is still open. On September 17, 2024, the government produced supplemental discovery consisting of 60 gigabytes of data uploaded to an electronic storage device. Due to technical issues, the government is re-producing that data to defense.

8.      On October 8, 2024, the Court issued an order reassigning both cases to the Hon. District Judge Dena M. Coggins. [21-00105, ECF 93; 24-00109, ECF 19.] The order vacated all currently set court appearances, including the October 17, 2024, status conference.

9.      Now, the parties have met and conferred and agreed to, and hereby request that the Court set status conferences in both cases on January 24, 2025, before the Hon. District Judge Dena M. Coggins.

10.      The parties also agree that, in order to provide defendant with reasonable time for effective preparation, and to allow him to complete his review of discovery, conduct the necessary investigation and research related to the charges, and consider a pre-trial resolution of the case, the time period of

October 17, 2024, through and including January 24, 2025, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) (Local Code T4). The parties agree that the interests of justice served by setting this status conference and excluding time outweigh the best interests of the public and the defendant in a speedy trial.

11.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 10, 2024                          PHILLIP A. TALBERT
                                                  United States Attorney


                                                  */s/ Cody Chapple*
                                                  Cody Chapple
                                                  Dhruv M. Sharma
                                                  Assistant United States Attorney


Dated:  October 10, 2024                          */s/ E. Marshal Hodgkins*
                                                  E. Marshall Hodgkins
                                                  Counsel for Garrett Scott Wheelen


## ORDER

The Court has read and considered the parties' stipulation to set a status conference in the cases numbered 1:21-CR-00105-DC and 1:24-CR-00109-DC for January 24, 2025, and adopts the parties' stipulation in its entirety as its order.

The Court finds there is good cause shown, in order to provide defendant with reasonable time for effective preparation, and to allow him to complete his review of discovery, conduct the necessary investigation and research related to the charges, and consider a pre-trial resolution of the case, to set a status conference for January 24, 2025 at 9:30 AM in Courtroom 8 before the Honorable Dena M. Coggins, and to exclude time. The period from October 17, 2024, through January 24, 2025, in the case numbered 1:24-CR-00109-TLN shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) (Local

3

Code T4).

The Court specifically finds the failure to exclude time in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice served by setting the status conference and by excluding time under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 16, 2024**

Dena Coggins
United States District Judge